IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV85-GCM

| | |
|---|---|
| HELEN CASSARA and JOYCE RIGGIN, ) an individual and power of attorney for ) HELEN CASSARA, an elderly adult, ) ) Plaintiffs, ) ) v. ) PNC BANK, N.A., et *al.*, ) ) Defendants. ) | ORDER |

This matter is before the Court upon Plaintiff's Motion for Sanctions, Stay of Action and Protective Order against Defendant PNC Bank, N.A. ("PNC"). This motion is fully briefed and ripe for disposition.

Plaintiff's motion was filed in response to Defendant PNC's Motion for Leave to Take Early Discovery, filed on May 29, 2020. Defendant PNC sought to obtain the original will of Helen Cassara for inspection by an expert. Cassara passed away on February 21, 2020, and Plaintiff Riggin is purportedly the sole beneficiary of Cassara's estate.[1] Plaintiff filed a Response in opposition to PNC's motion representing that she was not in possession, custody, or control of the original will. On that same day, Plaintiff filed the present Motion for Sanctions, Stay of Action and Protective Order. Once PNC learned from Plaintiff's Response to its motion that Plaintiff was not in possession, custody, or control of the original will, it promptly withdrew its Motion for Leave to Take Early Discovery. (Doc. No. 57).

---

[1] On July 21, 2020 this Court granted Plaintiff Riggin an extension of time until September 4 to substitute the proper party pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Plaintiff represented that an evidentiary hearing to consider Ms. Riggin's Application for Probate and Letters of Administration and/or Letters Testamentary hearing has been scheduled for August 6, 2020 in Richmond County.

1

Plaintiff first moves for Rule 11 sanctions against PNC for filing "frivolous" motions. The Court will deny this motion. As PNC has withdrawn the Motion at issue, Plaintiff's request is moot. However, even if the issue was not moot, the Court finds that Plaintiff's request for sanctions does not meet Rule 11 standards, as PNC's Motion was not unreasonable or factually deficient.

Plaintiff next argues for sanctions under Rule 37(a)(5)(B), which provides an award of expenses if a motion to compel discovery is denied, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Like Plaintiff's Rule 11 motion, this request is moot. In addition, even if the request was not moot, Plaintiff's request for sanctions under Rule 37(a)(5)(B) is improper because PNC did not file a motion to compel discovery under Rule 37(a). The Court will likewise deny Plaintiff's request for a protective order as baseless, improper, and made without any showing of good cause.

Lastly, Plaintiff seeks to stay this case pending the appointment of an administrator. The Court will decline to exercise its discretion to grant a stay. Several Defendants have now moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and briefing on these motions is in progress. The Court sees no reason to delay ruling on these motions. Moreover, the Complaint in this case was filed almost six months ago and initial responses are still being filed. Staying the case to wait for the appointment of an administrator will slow the pace of litigation even further and is not in the interest of judicial economy.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Sanctions, Stay of Action and Protective Order against Defendant PNC Bank, N.A. is hereby DENIED.

Signed: July 23, 2020

Graham C. Mullen
United States District Judge